IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 17-13-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| GREGORY DAVID KALAYJIAN, | |
| Defendant. | |

Defendant Kalayjian moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. He is currently serving a 180-month sentence for federal drug and firearms offenses. *See* Am. Judgment (Doc. 67). His projected release date is September 27, 2029. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Apr. 13, 2021).

Currently, no inmates and two staff members at FMC Fort Worth, Texas, where Kalayjian is incarcerated, have confirmed, open cases of COVID-19. Fort Worth, possibly due to its being a medical center, is one of the most seriously

1

affected facilities in the country. Seven hundred thirty-five inmates and 47 staff members have recovered, but 14 inmates died. *See* Interactive Map, www.bop.gov/coronavirus (accessed Apr. 13, 2021).

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce Kalayjian's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[1] The applicable factors from § 3553(a) may include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted

---

[1] The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). But the guideline has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. The Ninth Circuit now holds that U.S.S.G. § 1B1.13 applies only to motions for release filed by the Director. *See, e.g.*, *United States v. Aruda*, __ F.3d __, No. 20-10245, slip op. at 11, 2021 WL 1307884 at *4 (9th Cir. Apr. 8, 2021) (per curiam); *see also United States v. McCoy*, __ F.3d __, 2021 WL 1168980 at *12 (10th Cir. Mar. 29, 2021); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020).

sentencing disparities" among similarly situated defendants and to provide restitution to victims. *See id*. § 3553(a)(A), (6)–(7).

Kalayjian has served a little over four years of his fifteen-year sentence—less than one third. Allowing for good-conduct time, he seeks a reduction of more than eight years. To justify such a large reduction, the Court would require a clear and convincing showing of both an extraordinary and compelling reason and satisfaction of the factors in § 3553(a).

### A. Reason for Release

Kalayjian is 57 years old. As his placement at a Federal Medical Center indicates, he has significant health issues. His records were already voluminous at the time of sentencing. *See* Presentence Report ¶¶ 100–104. Among others, he has chronic obstructive pulmonary disease, cirrhosis, and a history of smoking. *See* Mot. Ex. H (Doc. 84 at 107). Each of these conditions is likely to increase his risk of developing severe illness if he contracts COVID-19, and the risk rises for multiple conditions. *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Apr. 13, 2021).

Kalayjian contracted COVID-19 on December 22, 2020. Although he subsequently recovered, the Court has no doubt he had a frightening experience.

As of April 13, 2021, 739 inmates at Fort Worth have been fully inoculated, *see* COVID-19 Vaccine Implementation, www.bop.gov/coronavirus (accessed Apr. 13, 2021), evidently more than half the population, *see* https://www.bop.gov/locations/institutions/ftw (accessed Apr. 13, 2021). But the long-term effects of Kalayjian's infection are unknown.

Kalayjian's medical condition, in light of the global pandemic, is both extraordinary and compelling.

**B. Section 3553(a)**

Kalayjian trafficked in methamphetamine and heroin. Despite having prior felony convictions, he habitually carried firearms. He entered into a very favorable plea agreement, pleading guilty to two counts of a seven-count indictment. The United States agreed to recommend a sentence of 120 months on the drug count, the statutory mandatory minimum, with a consecutive five-term under 18 U.S.C. § 924(c). *See* Plea Agreement (Doc. 50) at 8 ¶ 6. The advisory guideline range on the drug counts alone was higher—200 to 235 months, plus the five-year mandatory minimum under 18 U.S.C. § 924(c)(1)(A)(i). *See* Statement of Reasons (Doc. 68) at 1 § III.

Considering Kalayjian's age and "ailing physical condition" as well as his addiction and difficult family history, the Court varied downward significantly to

4

arrive at a fifteen-year sentence. It did so because it found that term was "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), to reflect the seriousness of Kalayjian's offense and protect the public while also acknowledging his individual history and characteristics. *See* Statement of Reasons at 3 § VI.

The Court did not foresee the emergence of a disease that would prove particularly dangerous to persons like Kalayjian. But his health was known and accounted for at sentencing. His assertion that he "never crossed over into crimes of violence," Reply (Doc. 87) at 19, simply ignores the numerous firearms he possessed despite already being prohibited from doing so. His history shows he is likely to pursue his predilections for firearms, alcohol, and drugs unless he expends significant time and effort in learning better ways to live. *See, e.g.*, Presentence Report ¶¶ 27–30, 35, 108–111. Until he has more practice at living without them, he presents a high risk of recidivism and poses a danger to the public.

The threat of COVID-19 does not persuade the Court to release Kalayjian after he has served less than one-third of his sentence and more than eight years before his sentence expires. *See* 18 U.S.C. § 3553(a)(1), (2)(B), (C), (D).

Accordingly, IT IS ORDERED:

1. Kalayjian's motion for additional time to reply (Doc. 86) is MOOT.

2. Kalayjian's motion for compassionate release under 18 U.S.C. §

3582(c)(1)(A) (Doc. 83) is DENIED.

DATED this 13th day of April, 2021.

*Dana L. Christensen*, District Judge
United States District Court