IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17–13–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| GREGORY DAVID KALAYJIAN, | |
| Defendant. | |

On June 12, 2023, Defendant Gregory David Kalayjian filed a motion to appoint counsel for the purpose of filing a motion for compassionate release. (Doc. 95.) On June 23, 2023, the Court granted the motion and on June 29, 2023, counsel for Defendant filed a notice of attorney appearance. (Docs. 96, 97.) On August 7, 2024, Kalayjian filed a motion for compassionate release. (Doc. 99.) Kalayjian's projected release date is September 27, 2029. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed September 24, 2024). The government opposes the motion. (Doc. 100.)

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set

1

forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Kalayjian argues that a reduction in his sentence is warranted because his health is declining, a sentence reduction is consistent with the policy statements issued by the United States Sentencing Commission, and the § 3553(a) factors support an early release. (Doc. 99 at 6–7, 13.) For the reasons discussed below, the Court denies the motion.

I.   **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text.  *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

2

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). On May 20, 2023, Kalayjian submitted a formal request for compassionate release to the Warden of FCI Terre Haute. (Doc. 99-3.) On May 22, 2023, the Warden responded regarding a previously requested compassionate release which was denied. (*Id.*) While the Warden's response does not appear to directly address the May 20, 2023 request for compassionate release, it has been more than 30 days since the receipt of the May 20, 2023 request. Thus, the Court is satisfied that Kalayjian has exhausted the administrative remedies available to him.

## II.  Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023).

Additionally, an extraordinary and compelling reason exists where the defendant presents the following circumstances—

    (i)    the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

    (ii)    due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

    (iii)    such risk cannot be adequately mitigated in a timely manner.

*Id.* § 1B.13(b)(1)(D).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

The Court has already determined that Kalayjian's "medical condition, in light of the global pandemic, is both extraordinary and compelling." (Doc. 88 at 4.) As such, the Court moves on to the § 3553(a) factors.

## III.    Section 3553(a) Factors

The Court must address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to

4

reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

On October 5, 2017, Kalayjian was sentenced to a total of 180 months imprisonment after pleading guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846(b)(1)(B) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 65.) The offense conduct involved Kalayjian's distribution of almost 2 kilograms of methamphetamine and 1.87 kilograms of heroin, and his possession of firearms. (Doc. 69 ¶ 36.) A cooperating witness that was interviewed for the presentence investigation report alleged that she was aware of at least four drive-by shootings that had been committed by Kalayjian or at his request in connection with his distribution activities. (*Id.*)

At the time of sentencing, Kalayjian had a criminal history category of V. (*Id.* ¶ 122.) Kalayjian's criminal history spans 30 years and includes 13 convictions, six of which are felonies. (*Id.* ¶¶ 60–62, 64, 66–67.) Among those

felonies are two convictions for transporting or distributing controlled substances and two for being a felon in possession of firearms. (*Id.* ¶¶ 60–62, 64.) The guidelines called for a total term of imprisonment between 200 and 235 months. (*Id.* at 122.) Despite Kalayjian's significant criminal history, the Court imposed a sentence of 180 months, a significant downward variance. (Doc. 65.)

The Court finds that § 3553(a)'s sentencing factors, in particular the nature and circumstances of the offense, the history and characteristics of Kalayjian, the need to provide just punishment, and the need to protect the public weigh against the requested relief. As highlighted by the Government, despite having completed 16 different impatient treatment programs over the course of his life, Kalayjian returned to a life of crime with a focus on drug trafficking and gun possession. Kalayjian has served approximately 50% of his sentence. Completion of the sentence imposed will best serve the aims of sentencing under § 3553(a).

## CONCLUSION

While Kalayjian has demonstrated an extraordinary and compelling reason to warrant a reduction of his custodial sentence, the § 3553(a) factors support denial of Kalayjian's request. In addition, the Court believes Kalayjian presents a danger to the community. Thus, his request must be denied.

Accordingly, IT IS ORDERED that Kalayjian's motion for compassionate release (Doc. 99) is DENIED.

DATED this 24th day of September, 2024.

_____
Dana L. Christensen, District Judge
United States District Court